Dinzel NORMAN *v.* STATE of Arkansas

CR 95-361                                                    922 S.W.2d 711

Supreme Court of Arkansas
Opinion delivered May 31, 1996

PER CURIAM. On May 20, 1996, we issued a per curiam granting appellant Dinzel Norman's motion to disqualify his attorney, George Stone. In that per curiam, we set out the various earlier orders of this court directing Stone to file the appellate record and brief in Norman's behalf.

Stone has been ordered on three occasions to file the record and brief in this cause, but he never did so. He has also appeared before this court twice in response to orders directing his appearance to show cause why he should not be held in contempt. On each occasion, Stone was late.

When Stone made his first appearance on February 26, 1996, he pled guilty to contempt, but assured the court he would file his brief on or before March 23, 1996. We held matters in abeyance, giving Stone time to comply with the new briefing date. No brief was filed on March 23. Instead, Stone waited until March 25, 1996 to request more time, stating his license had been suspended for a

CLE deficiency. We gave Stone until May 6, 1996, since he said his CLE deficiency would be corrected on or before March 29, 1996.

On or about April 3, 1996, Stone's suspension of license had been stayed by the CLE Board, but Stone still failed to file Norman's brief on May 6, 1996.

This court again was required to serve Stone with notice to appear, and while late, he appeared on May 28, 1996. At that hearing, Stone offered no valid reason for failing to meet the court's briefing schedule and complying with the court's directives. In sum, his response was that because he disliked his client, Norman, he had difficulty in preparing a brief. He gave no reason for failing to comply with this court's earlier directives. During this same hearing, Stone stated that he had never been sanctioned by the Professional Conduct Committee in this matter or any other. However, this court's clerk's office reflects Stone has been previously reprimanded by letter dated January 30, 1996. That letter was served on Stone by restricted delivery, and he signed upon its receipt. That sanction ensued from Norman's earlier grievance with the Commission filed in late 1995.

■ Because Stone has been found in criminal contempt, and he gives no valid reason in mitigation of punishment, we hereby order Stone to be incarcerated for forty-eight hours. Accordingly, we direct him to present himself to the Pulaski County Regional Detention Facility on Friday, June 7, 1996, at 5:00 p.m., where he will be incarcerated for a forty-eight-hour period. If Stone fails to appear, as ordered, the State Police will take immediate custody of Stone and deliver him forthwith to the Pulaski County Detention Facility for a forty-eight-hour period from the time he is delivered to the Facility.

DUDLEY, J., not participating.